UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
CAROLINE SIMON, Individually and on :
Behalf of All Others Similarly Situated, :
:
Plaintiff, :
:
v. : Case No. 1:19-cv-00890-CM
:
ULTIMATE FITNESS GROUP, LLC d/b/a :
ORANGETHEORY FITNESS, and DOES 1 :
through 10, Inclusive, and Each of Them, :
:
Defendants. :
:
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ULTIMATE FITNESS GROUP, LLC d/b/a
ORANGETHEORY FITNESS'S MOTION TO DISMISS
<u>PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

DLA PIPER LLP (US)
550 South Hope Street
Suite 2400
Los Angeles, California 90071
(213) 330-7700

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

*Attorneys for Defendant
Ultimate Fitness Group, LLC d/b/a
Orangetheory Fitness*

# **TABLE OF CONTENTS**

                                                                **Page**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFF'S ALLEGATIONS | 2 |
| III. | LEGAL STANDARD | 2 |
| IV. | THE COURT SHOULD DISMISS THE NATIONWIDE CLASS FOR LACK OF PERSONAL JURISDICTION | 4 |
| V. | THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SHOWING THAT THE TEXTS WERE SENT TO HER USING AN AUTOMATIC TELEPHONE DIALING SYSTEM | 5 |
| VI. | CONCLUSION | 9 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*ACA Int'l v. Fed. Commc'ns Comm'n*,
    885 F.3d 687 (D.C. Cir. 2018) ...................................................................................5

*Aikens v. Synchrony Fin.*,
    No. 15-10058, 2015 WL 5818911 (E.D. Mich. Jul. 31, 2015) ...............................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................3

*Baranski v. NCO Fin. Sys., Inc.*,
    No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014) .....6, 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................3

*Campbell-Ewald Co. v. Gomez*,
    136 S. Ct. 663 (2016) ...............................................................................................5

*Collins v. Nat'l Student Loan Program*,
    --- F. Supp. 3d ---, 2018 WL 6696168 (D.N.J. Dec. 20, 2018) ..............................6

*Curry v. Synchrony Bank, N.A.*,
    No. 15CV322-LG-RHW, 2015 WL 7015311 (S.D. Miss. Nov. 12, 2015) ............8

*In re Dental Supplies Antitrust Litig.*,
    No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ..3, 4

*Dominguez v. Yahoo, Inc.*,
    894 F.3d 116 (3d Cir. 2018) .............................................................................5, 6, 7

*Gazzillo v. Ply Gem Indus., Inc.*,
    No. 17-CV-1077, 2018 WL 5253050 (N.D.N.Y. Oct. 22, 2018) .......................2, 4

*Hunter v. Diversified Consultants, Inc.*,
    No. 14-cv-2198-T-30TGW, 2014 WL 6747153 (M.D. Fla. Nov. 26, 2014) ..........6

*Kim v. Kimm*,
    884 F.3d 98 (2d Cir. 2018) .......................................................................................3

*King v. Time Warner Cable Inc.*,
    894 F.3d 473 (2d Cir. 2018) ..................................................................................5, 6

*Marks v. Crunch San Diego, LLC*,
    904 F.3d 1041 (9th Cir. 2018) .................................................................................6

*Matson v. Bd. of Educ.*,
    631 F.3d 57 (2d Cir. 2011) ..................................................................................................3

*McCurley v. Royal Seas Cruises, Inc.*,
    No. 17-cv-00986-BAS-AGS, 2019 WL 1383804 (S.D. Cal. Mar. 27, 2019) ..........................4

*Montinola v. Synchrony Bank*,
    No. 17-8963, 2018 WL 4110940 (D.N.J. Aug. 28, 2018).......................................................8

*Pinkus v. Sirius XM Radio, Inc.*,
    319 F. Supp. 3d 927 (N.D. Ill. 2018)......................................................................................6

*Snyder v. Perry*,
    No. 14-CV-2090 (CBA)(RER), 2015 WL 1262591 (E.D.N.Y. Mar. 18, 2015) ..................5, 6

*Spratley v. FCA US LLC*,
    No. 17-CV-0062, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017).......................................2, 4

*Trumper v. GE Capital Retail Bank*,
    79 F. Supp. 3d 511 (D.N.J. 2014) ..........................................................................................8

**Statutes**

47 U.S.C. § 227................................................................................................................... 1, 5, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)................................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6)................................................................................................................1, 3

Defendant Ultimate Fitness Group, LLC d/b/a Orangetheory Fitness ("Defendant") respectfully submits this memorandum of law in support of its motion, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims asserted against it.

## I.      INTRODUCTION

Plaintiff Caroline Simon ("Plaintiff") claims to have received at least two text messages allegedly sent on behalf of Defendant. Plaintiff alleges that the text messages were sent using an automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227(a)(1). Based upon these allegations, Plaintiff seeks to bring a nationwide class action against Defendant for allegedly violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The Court should dismiss Plaintiff's complaint for several reasons.

As an initial matter, this Court does not have jurisdiction over a nationwide class. Defendant is a Delaware limited liability company with its headquarters and principal place of business in Florida. Defendant is not at home in New York, and is not subject to general personal jurisdiction here. Therefore, the Court cannot adjudicate claims of class members who are not New York residents, and the Court should dismiss Plaintiff's nationwide class allegations.

Plaintiff's claims also fail on the merits because Plaintiff alleges no facts supporting her legal conclusion that Defendant used an ATDS to send text messages to her. Plaintiff fails to allege the content of the text messages. Plaintiff fails to allege that she received many text messages over a short period of time. Plaintiff fails to allege anything that could lead to the plausible conclusion that the text messages were sent using an ATDS rather than some other means. Therefore, Plaintiff fails to allege facts sufficient to state a claim for violation of the TCPA and the Court should dismiss the Complaint.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she is a resident of the state of New York. Compl. ¶ 4 (ECF No. 11). Plaintiff alleges that Defendant "is a fitness company and a Florida limited liability corporation with its headquarters and its principal place of business in New York, New York." Compl. ¶ 5. Plaintiff alleges that in May 2018 she "received an unsolicited text message from Defendant on her cellular telephone, number ending in -5443." Compl. ¶ 8. Plaintiff alleges that she received another text message in June 2018 from "Defendant's text number, 797-979." Compl. ¶ 9. Plaintiff alleges that she was never a customer of and never provided her cellular telephone number to Defendant. Compl. ¶ 14. Plaintiff alleges without any factual support that the text messages were placed via an ATDS. Compl. ¶ 10.

Based upon these allegations, Plaintiff seeks to represent the following class:

> [A]ll persons within the United States who received any unsolicited text messages from Defendant which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

Compl. ¶ 17.

Plaintiff brings two claims on behalf of herself and the putative class: (1) Negligent violations of the TCPA (Compl. ¶¶ 28-31); and (2) Knowing and/or willful violations of the TCPA (Compl. ¶¶ 34-37).

## III. LEGAL STANDARD

Where a defendant files a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden of showing the Court has jurisdiction. *Gazzillo v. Ply Gem Indus., Inc.*, No. 17-CV-1077 (MAD/CFH), 2018 WL 5253050, at *3 (N.D.N.Y. Oct. 22, 2018). The plaintiff must plead facts which, if true, are sufficient themselves to establish jurisdiction. *Spratley v. FCA US LLC*, No. 17-CV-0062, 2017 WL 4023348, at *2 (N.D.N.Y. Sept.

2

12, 2017). In ruling on a motion, the Court may rely on materials outside the pleadings, the allegations in the complaint are taken as true unless controverted by affidavits, and if the parties present conflicting affidavits, factual disputes are resolved in the plaintiff's favor. *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at *3 (E.D.N.Y. Sept. 20, 2017).

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a plaintiff fails to state a cognizable legal theory or allege enough plausible facts to support the claim stated. In reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the plaintiff's complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018). However, while all factual allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). If the "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief." *Iqbal*, 556 U.S. at 678. "[T]he pleading standard [of] Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

As demonstrated below, Plaintiff here fails to allege facts necessary to support her claim and the Court should dismiss the Complaint.

## IV. THE COURT SHOULD DISMISS THE NATIONWIDE CLASS FOR LACK OF PERSONAL JURISDICTION

Defendant is a Delaware LLC with its principal place of business in Florida. *See* Declaration of Charlene Baron, ¶¶ 2-3.[1] As such, the Court cannot exercise general jurisdiction over Defendant since it is not essentially at home in New York. *See Spratley*, 2017 WL 4023348, at *3.

As to specific jurisdiction, while Plaintiff purports to be a resident of New York (Compl. ¶ 4) and the Court presumably has specific jurisdiction over her claim against Defendant, Plaintiff seeks to bring this case on behalf of "all persons within the United States." Compl. ¶ 17. The Court does not have jurisdiction over the claims of the putative nationwide class. *See Spratley*, 2017 WL 4023348, at *7 ("[T]he out-of-state Plaintiffs have shown no connection between their claims and Chrysler's contacts with New York. Therefore, the Court lacks specific jurisdiction over the out-of-state Plaintiffs' claims."); *Gazzillo*, 2018 WL 5253050, at *7 ("[I]n light of the Supreme Court's recent decision in [*Bristol-Myers Squibb v. Superior Ct. of C.A., San Francisco Cty.*, 137 S. Ct. 1773 (2017)], the Court does not have jurisdiction over the out-of-state Plaintiffs' claims."); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (dismissing out-of-state class members' claims). Therefore, the Court should dismiss the Complaint with respect to the alleged nationwide class and all putative class members who are not residents of New York.[2]

---

[1] Plaintiff's allegation in paragraph 5 of the Complaint that Defendant is a Florida limited liability corporation with its principal place of business in New York is not true.

[2] While Defendant believes that it would be preferable to make this argument at the time that Plaintiff moves to certify a class, Defendant brings this motion now because some courts have found a personal jurisdiction challenge as to putative class members is waived if not raised in the initial response to the Complaint. *See, e.g., McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-00986-BAS-AGS, 2019 WL 1383804, at *16-17 (S.D. Cal. Mar. 27, 2019).

4

## V. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF FAILS TO ALLEGE FACTS SHOWING THAT THE TEXTS WERE SENT TO HER USING AN AUTOMATIC TELEPHONE DIALING SYSTEM

The TCPA makes it unlawful for a person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A). Therefore, to state a claim under the TCPA, a plaintiff must allege that (1) the defendant made a call to a cell phone, (2) by the use of an automatic dialing system and (3) without prior express consent of the called party. *See Snyder v. Perry*, No. 14-CV-2090 (CBA)(RER), 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015). Text messages are treated as calls under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016). Here, Plaintiff's Complaint fails to state a claim because Plaintiff does not allege enough facts to plausibly plead that an ATDS was used to send the text messages to her.

If a text message is not sent via an ATDS, it falls outside the scope of the TCPA altogether. *See* 47 U.S.C. § 227(b)(1)(A). The TCPA expressly defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In 2015, the FCC attempted to broaden the definition of ATDS by expanding what "capacity" means, but the FCC's Order was overturned. *See ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018) ("*ACA International*"). The Second Circuit has agreed with the *ACA International* court that to be an ATDS a device must currently have features that enable it to perform the functions of an autodialer. *See King v. Time Warner Cable Inc.*, 894 F.3d 473, 479 (2d Cir. 2018).

After *ACA International*, some courts have held that the key question is whether the system "had the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers." *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018);

5

*see also Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 939 (N.D. Ill. 2018) (quoting *Dominguez* and stating that "equipment qualifies as an ATDS only if it has the capacity to 'function by generating random or sequential telephone numbers and dialing those numbers.'").[3] The phrase "to dial such numbers" means that to be an ATDS the equipment must have the capacity to dial the numbers automatically, *i.e.* without human intervention. *See Collins v. Nat'l Student Loan Program*, --- F. Supp. 3d ---, 2018 WL 6696168, at *4 (D.N.J. Dec. 20, 2018) (holding that system was not an ATDS because it "cannot initiate calls without manual human intervention[.]").

Importantly, the Second Circuit in *King* noted its agreement with the interpretation in *Dominguez*. *See King*, 894 F.3d at 479 n.5 ("The Third Circuit recently reached essentially the same conclusion in *Dominguez*[.]"). Therefore, the Court should interpret the definition of ATDS to require the equipment to have the present capacity to function as an autodialer by generating random or sequential numbers and dialing those numbers automatically.

To allege adequately that calls were made using an ATDS, a complaint must do more than parrot the statutory language. *Snyder*, 2015 WL 1262591, at *8. A "bare allegation" that the defendant used an ATDS is "not enough." *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349(ILG)(JMA), 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014). Therefore, when analyzing whether a plaintiff has sufficiently alleged the use of an ATDS, courts examine the plaintiff's allegations regarding "the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS." *Id.* (dismissing TCPA complaint); *see also Snyder*, 2015 WL 1262591, at *8 (citing *Baranski* and dismissing TCPA complaint); *Hunter v. Diversified Consultants, Inc.*, No. 14-cv-2198-T-30TGW, 2014 WL 6747153, at *1 (M.D. Fla.

---

[3] Other courts essentially read "random or sequential number generator" out of the statute. *See, e.g.*, *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).

Nov. 26, 2014) (dismissing TCPA complaint because it lacked adequate factual support). Here, the minimal facts alleged by Plaintiff are not sufficient to state a claim.

Plaintiff alleges that sometime in May 2018 she received an unsolicited text message from Defendant on her cellular telephone number ending in -5443. Compl. ¶ 8. Plaintiff alleges that the text message came from "Defendant's text number, 797-979" and, without alleging any details, states that another text message was received in June 2018. Compl. ¶ 9. Plaintiff alleges that the text messages "were placed via Defendant's SMS blasting platform, *i.e.*, an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A)." Compl. ¶ 10. Plaintiff alleges that she was never a customer of Defendant and never provided her telephone number to Defendant. Compl. ¶ 14.

These paltry allegations come nowhere close to making it plausible that the text messages sent to Plaintiff were sent using an ATDS. Plaintiff does not allege the content of the text messages. Plaintiff does not allege that this content contained phrases like "Text STOP to STOP" which might indicate that an automated system was being used. Plaintiff does not allege that she received multiple identical messages. Plaintiff does not allege that she received many messages over a short period of time. Plaintiff therefore fails to allege facts supporting the inference that Defendant sent the text messages to plaintiff using equipment with the capacity to store or generate numbers using a random or sequential number generator and to dial such numbers automatically without human intervention. Indeed, Plaintiff's allegations are consistent with a person sending her a text message rather than a machine sending it. Plaintiff does not plausibly allege that Defendant used an ATDS.

Courts have found allegations much more robust than those made by Plaintiff were not sufficient to show that an ATDS was used. In *Dominguez*, the plaintiff "received approximately

7

27,800 text messages from Yahoo over the course of 17 months" yet the court found no ATDS was used because there was no random or sequential number generation. 984 F.3d at 117. In *Baranski*, a former employee of defendant had testified in a related case that he "would hit a key on the computer, and it would autodial the telephone number," but the court found that there were no facts alleged supporting the inference that calls could be made without human intervention. 2014 WL 1155304, at *6. In *Aikens v. Synchrony Financial*, No. 15-10058, 2015 WL 5818911 (E.D. Mich. Jul. 31, 2015), the plaintiff received at least 101 calls, but the court dismissed the complaint because plaintiff failed to allege any details about the content of the calls or other facts giving rise to a reasonable belief that an ATDS was used. *Id.* at *4 . In *Curry v. Synchrony Bank, N.A.*, No. 15CV322-LG-RHW, 2015 WL 7015311 (S.D. Miss. Nov. 12, 2015), the court found that allegations of receiving 190 calls on a daily basis over a five-month period were not sufficient because the plaintiff failed to plead the content of the calls. *Id.* at *2. In *Montinola v. Synchrony Bank*, No. 17-8963, 2018 WL 4110940 (D.N.J. Aug. 28, 2018), the plaintiff received at least 133 calls, but she did not sufficiently allege that the defendant used an ATDS because she alleged no other facts about the circumstances of the calls. *Id.* at *3. In *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511 (D.N.J. 2014), the plaintiff received calls at a repeated rate for successive days in a row, and tried to stop the calls to no avail. However, the court dismissed the complaint because there were no allegations showing that the calls were randomly generated. *Id.* at 513.

Here, Plaintiff fails to set forth the content of the text messages, fails to set forth the receipt of multiple text messages over many days, and fails to set forth any facts showing that the text messages were sent using an ATDS rather than through other means. Therefore, Plaintiff fails to allege facts giving rise to a reasonable belief that an ATDS was used by Defendant, and the Complaint should be dismissed.

## VI. CONCLUSION

For the reasons set forth above, the Court should grant the motion to dismiss.

Dated: April 4, 2019
      Los Angeles, California

**DLA PIPER LLP (US)**

   /s/  *Edward D. Totino*
Edward D. Totino
550 South Hope Street Suite 2400
Los Angeles, California 90071-2618
Tel.: (213) 330-7700
Fax: (213) 330-7701
edward.totino@dlapiper.com

Cary B. Samowitz
Cassandra Beckman Widay
Rachael C. Kessler (admitted *pro hac vice*)
1251 Avenue of The Americas
New York, NY 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
cary.samowitz@dlapiper.com
cassandra.beckmanwiday@dlapiper.com
rachael.kessler@dlapiper.com

*Attorneys for Defendant Ultimate Fitness Group, LLC d/b/a Orangetheory Fitness*