**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CAROLINE SIMON,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ULTIMATE FITNESS GROUP, LLC d/b/a ORANGETHEORY FITNESS, and DOES 1 through 10, Inclusive, and Each of Them,**<br><br>Defendants. | Case No. 1:19-cv-00890-CM |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

HEKMAT LAW GROUP
Joseph M. Hekmat
11111 Santa Monica Boulevard
Suite 1700
Los Angeles, CA 90025
Tel.: (424) 888-0848
Fax: (424) 270-0242
jhekmat@hekmatlaw.com

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (*pro hac vice*)
Thomas E. Wheeler (*pro hac vice*)
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff Caroline Simon and the putative Class*

TABLE OF CONTENTS

**I. Introduction** ........................................................................................................................1

**II. Argument** ...........................................................................................................................1

    **A. There Is No Undue Delay** ...........................................................................................2

    **B. The Motion Is Unopposed Such That There Is No Prejudice** .........................................2

    **C. The Amendment Is Not Futile** .....................................................................................2

**III. Conclusion**.........................................................................................................................3

## TABLE OF AUTHORITIES

**Cases**

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................................... 1

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) ............................................................... 1

*Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015) ........... 1

## Memorandum of Points and Authorities

**I.     Introduction**

This matter arises out of solicitation text messages that were allegedly sent in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et. seq.  Plaintiff Caroline Simon ("Plaintiff") hereby moves pursuant to Fed. R. Civ. P. 15 hereby moves pursuant to Fed. R. Civ. P. 15 and this Court's July 8, 2020 Order (Dkt. 58) to amend the Complaint[1] to add EPOC UWS LLC, FITNESS ADVOCATE LLC, and ADAM KRELL as defendants.  These additional defendants were identified by Defendant Ultimate Fitness Group, LLC d/b/a ORANGETHEORY FITNESS ("Defendant") as having been involved in the text messages at issue in this case such that adding them as additional defendants is appropriate.

**II.    Argument**

Rule 15(a) of the Federal Rules of Civil Procedure instructs courts to "freely" grant leave to amend a complaint "when justice so requires."  Leave to amend is governed by a "permissive standard," which is consistent with the Second Circuit's "strong preference for resolving disputes on the merits."  *Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation and internal quotation marks omitted).  The Court's Scheduling order further specified that additional parties may be joined until August 22, 2020.  Dkt. 58.  Courts may deny leave to amend only when "there is a substantial reason to do so." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000).  This includes "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, Plaintiff seeks a routine amendment to add additional parties within the time prescribed by the Scheduling

---

[1] The proposed Second Amended Complaint is attached as Exhibit A to the Declaration of Thomas Wheeler ("Wheeler Decl.") submitted contemporaneously.

Order.  Accordingly, the Court should routinely grant this motion as well.

    A.  <u>There Is No Undue Delay</u>

The Court provided for amendment to add additional parties until August 22, 2020.  Dkt. 58.  Accordingly, Plaintiff seeking leave to amend to add additional Parties has not been unduly delayed.

    B.  <u>The Motion Is Unopposed Such That There Is No Prejudice</u>

Defendant does not oppose the Motion for Leave to Amend.  Wheeler Decl. at ¶ 2.  Accordingly, there is no argument that Defendant will have been prejudiced by the Court granting this Motion for Leave to Amend.

    C.  <u>The Amendment Is Not Futile</u>

Plaintiff seeks to amend the Complaint to allege three additional defendants whom where allegedly involved in the texting at the heart of this matter.  The Second Circuit repeatedly has held that if the party moving for leave to amend its pleading 'has at least colorable grounds for relief, justice…require[s]'" permitting the amendment.  *S.S. Silberblatt, Inc. v. East Harlem Pilot Block Bldg, 1. Hous. Dev. Fund. Co.*, 608 F.2d 28, 42 (2d Cir. 1979).  Plaintiff has colorable claims against the new defendants to be added.  Defendants EPOC UWS LLC and FITNESS ADVOCATE LLC were identified at different points by Defendant as being the companies that owned the franchise for which the solicitation text messages were sent.[2]  Defendant ADAM KRELL owns EPOC UWS LLC and FITNESS ADVOCATE LLC.  While the merits of Plaintiff's claims against Defendant and the new defendants will be tested in discovery and

---

[2] It goes without saying that Defendant obviously vigorously contests liability and responsibility in this action, even if it does not oppose Plaintiff's Motion for Leave to Amend to add these additional defendants.

- 3 -

motion practice, there is nothing inherently futile about permitting the Complaint be amended to address these additional parties.

### III.     CONCLUSION

Plaintiff respectfully requests the Court grant her unopposed motion for leave to file a second amended complaint.


Dated: July 15, 2020              **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
                                  By: *s/ Thomas E. Wheeler*
                                  Thomas E. Wheeler, Esq. (*pro hac vice*)
                                  Attorney for Plaintiff