**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROLINE SIMON, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>ULTIMATE FITNESS GROUP, LLC d/b/a ORANGETHEORY FITNESS, EPOC UWS LLC, FITNESS ADVOCATE LLC, ADAM KRELL, and DOES 1 through 10, inclusive, and each of them,<br><br>                Defendant. | Civil Case No.: 19-cv-00890-CM |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S RULING IN *FACEBOOK V. DUGUID* OR, IN THE ALTERNATIVE, CONTINUING ALL DEADLINES FOR 120 DAYS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND AND RELEVANT PROCEDURAL HISTORY ................................... 2

    A. Procedural History ................................................................................................... 2

    B. Only Calls or Text Messages Sent by an ATDS (and Without Consent) Violate the TCPA ................................................................................................... 3

III. ARGUMENT ........................................................................................................................ 6

    A. The Court Should Stay This Case Because the Supreme Court's Ruling on the Definition of an ATDS Is Potentially Dispositive of This Case and All Factors Weigh in Favor of Granting a Stay ............................................................. 6

    B. In the Alternative, the Court Should Briefly Continue This Matter for 120 Days to Allow Defendant to Investigate Plaintiff's Claims and Prepare for Trial ........................................................................................................................ 9

IV. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*ACA Int'l v. FCC*,
    885 F.3d 687 (D.C. Cir. 2018) ...................................................................................................4

*Beasley v. Conn Appliances, Inc.*,
    No. 4:20-cv-01723 (S.D. Tex. July 21, 2020) ...........................................................................1

Blower *v. Portfolio Recovery Assocs., LLC*,
    No. 19-cv-02270-BAS-LL, 2020 U.S. Dist. LEXIS 130505 (S.D. Cal. July 23, 2020) ...................................................................................................................................7

*Clinton v. Jones*,
    520 U.S. 681 (1997) ..................................................................................................................6

*DeCapua v. Metro. Prop. & Cas. Ins. Co.*,
    No. CV 18-00590-WES, 2019 WL 4757995 (D.R.I. Sept. 30, 2019) .......................................5

*Dominguez v. Yahoo, Inc.*,
    894 F.3d 116 (3d Cir. 2018) ..................................................................................................3, 4

*Duran v. La Boom Disco, Inc.*,
    369 F. Supp. 3d 476 (E.D.N.Y. 2019) .......................................................................................5

*Duran v. La Boom Disco, Inc.*,
    955 F.3d 279 (2nd Cir. 2020) ............................................................................................3, 4, 5

*Facebook v. Duguid*,
    No. 19-511 (U.S. *cert granted* July 9, 2020) .................................................................. passim

*Facebook, Inc. v. Duguid*,
    2019 WL 5390116 (U.S. *pet. for cert.* filed Oct. 17, 2019) .................................................1, 2

*Gadelhak v. AT&T Servs.*,
    950 F.3d 458 (7th Cir. 2020) ..................................................................................................3, 4

*Glasser v. Hilton Grand Vacations Co.*,
    948 F.3d 1301 (11th Cir. 2020) ..............................................................................................3, 4

*Hoffman v. Jelly Belly Candy Co.*,
    No. 2:19-cv-01935-JAM-DB, 2020 U.S. Dist. LEXIS 112663 (E.D. Cal. June 26, 2020) ...................................................................................................................................7

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ..................................................................................................................6

*In re Literary Works in Elec. Databases Copyright Litig.*,
 No. 00 CIV 6049, 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) .................................................7

*Loftus v. Signpost Inc.*,
 No. 19-CV-7984 (JGK), 2020 WL 2848231 (S.D.N.Y. June 2, 2020) ................................6, 7

*Mahnke v. Capital One, N.A.*,
 No. 2:20-cv-00545-GMN-VCF (D. Nev. Jul. 21, 2020) ............................................................1

*Marks v. Crunch San Diego, LLC*,
 904 F.3d 1041 (9th Cir. 2018) .................................................................................................3, 4

*Mizrahi v. Kalamata Research Servs., LLC*,
 No. 20-cv-00666 (RPK-PK) (E.D.N.Y. April 24, 2020) ............................................................1

*Ramos v. Hopele of Fort Lauderdale*,
 LLC, 334 F. Supp. 3d 1262 (S.D. Fla. 2018)..............................................................................5

*Ruggeri v. Boehringer Ingelheim Pharm., Inc.*,
 No. 3:06CV1985 JBA, 2012 WL 1521850 (D. Conn. Feb. 24, 2012) ...................................6, 7

*Runyon v. Everquote, Inc.*,
 No. 1:20-cv-01206-RM-STV (D. Colo. July 23, 2020)..............................................................1

*Whattoff-Hall v. Portfolio Recovery Assocs., LLC*,
 No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375 (S.D. Cal.
 July 23, 2020).............................................................................................................................7

*In re World Trade Ctr. Disaster Site Litig.*,
 503 F.3d 167 (2d Cir. 2007).......................................................................................................6

**Federal Statutes**

42 U.S.C. § 227....................................................................................................................................1

47 U.S.C. § 227(a)(1)...........................................................................................................................3

**Other Authorities**

*In the Matter of Rules and Regulations Implementing the Telephone Consumer
 Protection Act of 1991*, CG Docket No. 02-278, Release No. DA 20-670,
 2020 FCC LEXIS 2371 (F.C.C. June 25, 2020) .......................................................................4

I. INTRODUCTION

In *Facebook v. Duguid*, No. 19-511 (U.S. *cert granted* July 9, 2020), the Supreme Court of the United States will address the central issue of this case head-on: whether an "automatic telephone dialing system" ("ATDS") under the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227, "encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'use a random or sequential number generator.'" *Facebook, Inc. v. Duguid*, 2019 WL 5390116 (U.S. *pet. for cert.* filed Oct. 17, 2019); *see also* SUPREME COURT OF THE UNITED STATES, No. 19-511, July 9, 2020 Proceedings and Orders, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-511.html ("Petition GRANTED limited to Question 2 presented by the petition."). The Supreme Court's ruling will resolve a widening split between the Ninth and Second Circuits, on the one hand, and the Third, Seventh, and Eleventh Circuits, on the other hand, who – consistent with recent FCC guidance – have rejected the expansive approach to the TCPA taken by the Ninth and Second Circuits. It is for this reason that since the Supreme Court granted review, courts throughout the country have ordered stays of TCPA cases. *See* Request for Judicial Notice ("RJN"), Ex. 1 (Order, *Runyon v. Everquote, Inc.*, No. 1:20-cv-01206-RM-STV (D. Colo. July 23, 2020)); Ex. 2 (Order, *Beasley v. Conn Appliances, Inc.*, No. 4:20-cv-01723 (S.D. Tex. July 21, 2020)); Ex. 3 (Order, *Mahnke v. Capital One, N.A.*, No. 2:20-cv-00545-GMN-VCF (D. Nev. Jul. 21, 2020)); Exs. 4-10 (Orders from Central, Eastern, and Northern Districts of California); Ex. 11 (Order, *Mizrahi v. Kalamata Research Servs., LLC*, No. 20-cv-00666 (RPK-PK) (E.D.N.Y. April 24, 2020)). A stay is particularly warranted in this case, as the dialing platform in the Second Circuit case that recently created a rift between the Second Circuit and other Circuits, *is the same platform that was used to send messages in this case.*

Where, as here, the system at issue does not have the capacity to generate numbers randomly or sequentially, the Supreme Court's decision could well be dispositive.[1] A stay will conserve judicial resources and will cause no prejudice to Plaintiff Caroline Simon ("Plaintiff"). Defendant EPOC UWS LLC ("Defendant"), by contrast, would be forced to spend substantial resources defending against a putative class action that depends on the Second Circuit's ATDS construction, only to have the Supreme Court potentially reject that approach altogether.

In the alternative, if the Court is not inclined to stay this matter, Defendant moves the Court for an Order continuing all deadlines set forth in the Court's July 8, 2020 Case Management Order. Dkt. No. 58. Defendant was not added to this action until July 23, 2020 (Dkt. No. 72), and was not served until July 28, 2020. Dkt. No. 79. Should the Court decline to stay this matter entirely, a continuance is warranted so as to allow Defendant sufficient time to fully investigate Plaintiff's claims and prepare this case for trial.

## II.   BACKGROUND AND RELEVANT PROCEDURAL HISTORY

### A.   Procedural History

Plaintiff filed her putative class action Complaint on January 31, 2019, alleging violations of the TCPA against defendant Ultimate Fitness Group, LLC d/b/a OrangeTheory Fitness ("OrangeTheory"). Dkt. No. 11. Prior to amending her Complaint and naming Defendant, plaintiff and OrangeTheory submitted a proposed Case Management Plan, which was adopted by the Court on July 8, 2020. Dkt. No. 58. Defendant was then added to this matter in Plaintiff's Second Amended Class Action Complaint ("SAC"), filed on July 23, 2020. Dkt. No. 64. Briefly stated, Plaintiff alleges Defendant sent text messages to Plaintiff "via Defendant's SMS blasting platform,

---

[1] By seeking a stay based on the Supreme Court's impending decision in *Facebook* on the ATDS issue, Defendant does not waive any other defenses to Plaintiff's claims, including, the existence of prior express consent. All defenses to Plaintiff's claims and to the certifiability of the putative class are expressly reserved.

i.e., an 'automatic telephone dialing system,' ('ATDS')." SAC ¶ 14. Defendant was served with the SAC on July 28, 2020. Dkt. No. 79.

**B.     Only Calls or Text Messages Sent by an ATDS (and Without Consent) Violate the TCPA**

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018), the Ninth Circuit broadly interpreted the definition of ATDS to mean "equipment which has the capacity – (1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator – and to dial such numbers." *Marks*, 904 F.3d at 1050-52. By construing ATDS to be any device that is merely capable of storing and dialing phone numbers (e.g., any smartphone), the Ninth Circuit essentially read the phrase "using a random or sequential number generator" out of the statute.

The Third, Seventh, and Eleventh Circuits have rejected the Ninth Circuit's expansive reading of the TCPA and held that an ATDS must have the capacity to generate random or sequential phone numbers. *See Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (holding that that the "key" question under the TCPA is whether the equipment used to send the alleged texts "had the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers"); *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 466 (7th Cir. 2020) (rejecting the *Marks* interpretation of ATDS which the court characterized as involving "a significant judicial rewrite" of the statute); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1310 (11th Cir. 2020) (ruling that the Ninth Circuit's reading of the statute "looks more like surgery . . . than interpretation"). The Second Circuit, however, recently adopted the Ninth Circuit's minority view in *Duran v. La Boom Disco, Inc.*, 955 F.3d

279, 290 (2nd Cir. 2020), holding that "an ATDS may call numbers from stored lists, such as those generated, initially by humans." *Id.* at 286.

The *Duran* court's construction of ATDS is also at odds with the D.C. Circuit's decision in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018), which vacated prior FCC regulations adopting a similarly expansive definition of ATDS and ruled that the "TCPA cannot reasonably be read to render every smartphone an ATDS subject to the Act's restrictions . . . ." *ACA Int'l*, 885 F.3d at 697. The Second Circuit's decision was based in part on its conclusion that earlier FCC rulings on what constitutes an ATDS were not struck down in *ACA Int'l*, *Duran*, 955 F.3d at 286, which contradicts the analysis of the Third, Seventh, Ninth and Tenth Circuits. *See Dominguez*, 894 F.3d at 119, 121; *Gadelhak*, 950 F.3d at 463 ("*ACA International* did not leave prior FCC Orders intact"); *Marks*, 904 F.3d at 1049 ("Because the D.C. Circuit vacated the FCC's interpretation of what sort of device qualified as an ATDS, only the statutory definition of ATDS as set forth by Congress in 1991 remains"); *Glasser*, 948 F.3d at 1310 (ruling that the D.C. Circuit "wiped the slate clean"). Further muddying the waters, a post-*Duran* declaratory ruling by the FCC "clarif[ied] that the fact that a calling platform or other equipment is used to make calls or send texts to a large volume of telephone numbers is not probative of whether that equipment constitutes an autodialer under the TCPA." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Release No. DA 20-670, 2020 FCC LEXIS 2371, at *1 ¶ 3 (F.C.C. June 25, 2020), https://www.fcc.gov/document/cgbissues-declaratory-ruling-p2p-alliance-petition.

The Supreme Court's decision in *Facebook v. Duguid* will resolve the debate concerning the construction of the statute and determine whether any device that can store and automatically dial telephone numbers, but does not generate them, constitutes an ATDS under the TCPA. The

4

Supreme Court's decision is of particular significance here, where Defendant used the same technology the Second Circuit considered in *Duran* – the EZ Texting platform. Plaintiff is well aware of this fact as she has already served a subpoena to EZ Texting. Affidavit of Nina D. Boyajian ("Boyajian Aff.") ¶ 4. As explained in *Duran*, the EZ Texting platform only stores numbers from prepared lists uploaded to the program by humans. *Duran*, 955 F.3d at 283-84. It does not randomly or sequentially generate numbers. Thus, the outcome in *Facebook* could be dispositive for this case, and a ruling by the Supreme Court confirming which circuit's test is appropriate justifies a stay. If the Supreme Court agrees with the majority of circuit courts that have ruled that the plain terms of the statute compel the conclusion that a system is not an ATDS unless it has the capacity to generate random or sequential numbers, then Plaintiff's claims fail because the system at issue does not have the capacity to generate random or sequential numbers.

Indeed, prior to the Second Circuit's decision in *Duran*, numerous district courts repeatedly held that the EZ Texting platform does not constitute an ATDS under the TCPA. *See Ramos v. Hopele of Fort Lauderdale*, LLC, 334 F. Supp. 3d 1262, 1275 (S.D. Fla. 2018) ("The undersigned, therefore, concludes that the EZ-Texting system used by Hopele was not an ATDS."); *Duran v. La Boom Disco, Inc.*, 369 F. Supp. 3d 476, 492 (E.D.N.Y. 2019) (citing *Ramos* and sua sponte granting defendant summary judgment because the EZ Texting platform "operate[s] with too much human involvement to meet the definition of an autodialer."), *rev'd*, 955 F.3d 279, 290 (2nd Cir. 2020); *DeCapua v. Metro. Prop. & Cas. Ins. Co.*, No. CV 18-00590-WES, 2019 WL 4757995, at *2 (D.R.I. Sept. 30, 2019) (granting defendant's motion to dismiss on ATDS issue and stating: "I elect to follow the reasoning of two District Court decisions that have applied the ATDS definition

to the EZ Texting system at issue here.").[2]

### III.     ARGUMENT

**A.    The Court Should Stay This Case Because the Supreme Court's Ruling on the Definition of an ATDS Is Potentially Dispositive of This Case and All Factors Weigh in Favor of Granting a Stay**

District courts have inherent discretionary power to stay cases. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A "[d]istrict Court has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis*, 299 U.S. at 254, and may exercise that discretion to stay a case pending a ruling from the Supreme Court that would impact the litigation. *See, e.g.*, *Loftus v. Signpost Inc.*, No. 19-CV-7984 (JGK), 2020 WL 2848231, at *2 (S.D.N.Y. June 2, 2020) (staying putative TCPA class action pending Supreme Court ruling); *Ruggeri v. Boehringer Ingelheim Pharm., Inc.*, No. 3:06CV1985 JBA, 2012 WL 1521850, at *1 (D. Conn. Feb. 24, 2012) (staying case pending Supreme Court decision).

In evaluating a motion to stay, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Stays pending Supreme Court review on a potentially dispositive issue are routinely granted. *See, e.g.*,

---

[2]    By contrast, if the Supreme Court adopts the broader reading of the ATDS adopted by Ninth and Second Circuits, there would be an issue of fact as to whether the EZ Texting system and used in this case qualifies as an ATDS.

6

*In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (granting stay where a forthcoming Supreme Court decision was "likely to have a significant, if not dispositive, impact on the cases and "a stay of several months will cause no prejudice or hardship to the [] Plaintiffs."); *Ruggeri*, 2012 WL 1521850, at *1; *Loftus*, 2020 WL 2848231, at *2.

Courts throughout the United States have granted stays pending resolution of *Facebook*. *See* RJN Exs. 1-11 (orders from the District of Colorado, Southern District of Texas, District of Nevada, Northern, Central and Eastern Districts of California, and the Eastern District of New York staying cases pending Supreme Court's decision in *Facebook*); *see also* Blower *v. Portfolio Recovery Assocs., LLC*, No. 19-cv-02270-BAS-LL, 2020 U.S. Dist. LEXIS 130505, at *1 (S.D. Cal. July 23, 2020); *Whattoff-Hall v. Portfolio Recovery Assocs., LLC*, No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375, at *2 (S.D. Cal. July 23, 2020); *Hoffman v. Jelly Belly Candy Co.*, No. 2:19-cv-01935-JAM-DB, 2020 U.S. Dist. LEXIS 112663, at *5 (E.D. Cal. June 26, 2020).

Here, a temporary stay pending a decision in *Facebook* is warranted because the Supreme Court has granted certiorari on a question central to this case: whether the alleged text messages are not in violation of the TCPA because the platform used to send them is not an ATDS. If the Supreme Court adopts the interpretation held by the majority of circuit courts, it will construe the statute in a way that confirms the alleged texts were not sent using an ATDS in violation of the TCPA. All factors weigh in favor of a temporary stay that would conserve judicial resources and would not prejudice the parties.

First, the rulings of the Third, Seventh and Eleventh Circuits, the D.C. Circuit, and the FCC's post-*Duran* guidance demonstrate that the technology at issue is not an ATDS under the

TCPA. And if the Supreme Court adopts this majority view, Plaintiff's claims fail in their entirety. Second, if the litigation proceeds without waiting for a decision in *Facebook*, Defendant would be forced to spend significant resources defending against a putative class action – indeed, substantial discovery has already been propounded – that depends on the Second Circuit's ATDS construction. Boyajian Aff. ¶ 3. Plaintiff has already served Defendant with voluminous written discovery. *Id.* Defendant would be forced to spend substantial fees and costs conducting broad fact and expert discovery and engaging in extensive motion practice, all of which may ultimately be rendered moot if the Supreme Court's holding confirms that the texting platform at issue is not an ATDS. Third, Plaintiff will not be prejudiced if a stay is granted. She has not and cannot allege that she continues to receive text messages from Defendant or has suffered any other continuing harm, no resources would be wasted as a result of pausing the litigation (where Defendant has not yet responded to the Complaint), and the stay would be only temporary because a decision in *Facebook* is expected to issue before the end of the Supreme Court's term in June 2021. Fourth, the public interest favors a stay because the Supreme Court's ruling *Facebook* will resolve the circuit split, and avoid conflicting rulings as to what constitutes as ATDS.

A ruling from the Supreme Court on what exactly constitutes an ATDS could be dispositive of this case and, at a minimum, will clarify issues for the parties and the Court in both fact discovery and expert discovery. Temporarily staying this matter will promote judicial economy without causing any prejudice to Plaintiff, and will avoid severe prejudice to Defendant. The Court should grant this motion and enter an Order temporarily staying this case pending a ruling by the Supreme Court of the United States in *Facebook v. Duguid*, Appeal No. 19-511 (U.S. *pet. for cert.* granted July 9, 2020).

B.  **In the Alternative, the Court Should Briefly Continue This Matter for 120 Days to Allow Defendant to Investigate Plaintiff's Claims and Prepare for Trial**

In the alternative, if the Court is not inclined to stay this matter, Defendant respectfully requests a continuance of all deadlines set forth in the Court's Case Management Order. Dkt. No. 58. Good cause exists to continue the deadlines because, while Plaintiff and Defendant OrangeTheory have been litigating this case since January 2019, Defendant was only just added to the litigation. In order to allow Defendant to fully investigate Plaintiff's claims and prepare for trial, a short continuance of all deadlines is warranted. This was not foreseeable at the time the Case Management Order was issued, as Defendant was not yet parties to the litigation. Specifically, Defendant requests the Court issue an Order modifying the deadline in this case as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff's Motion for Class Certification | September 18, 2020 | January 19, 2021 |
| Defendants' Opposition to Motion for Class Certification | October 16, 2020 | February 16, 2021 |
| Plaintiff's Reply in Support of Motion for Class Certification | October 30, 2020 | March 1, 2021 |
| Plaintiff's expert report(s) | October 30, 2020 | March 1, 2021 |
| Defendants' expert report(s) | November 30, 2020 | March 30, 2021 |
| Discovery cut-off | December 30, 2020 | April 29, 2021 |
| Motion(s) for Summary Judgment | February 12, 2021 | June 14, 2021 |
| Joint Pretrial Order | February 12, 2021 | June 14, 2021 |

ACTIVE51622446

## IV. CONCLUSION

The Supreme Court's ruling in *Facebook* could be outcome-determinative of this entire case. At a minimum, it will impact the issues and scope of discovery. Each factor weighs in favor a stay pending the Supreme Court's ruling. In the alternative, if the Court is not inclined to stay this matter in its entirety, a continuance of the deadlines set forth in the Court's Case Management Order is appropriate to allow Defendant to investigate Plaintiffs' claims and prepare for trial.

Respectfully submitted,

Date: July 29, 2020

**GREENBERG TRAURIG, LLP**

By: /s/ Justin A. MacLean
Justin A. MacLean
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: 212-801-9200
Email: MacleanJ@gtlaw.com

Nina D. Boyajian (*Pro Hac Vice Pending*)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 310-586-7700
BoyajianN@gtlaw.com

*Attorneys for Defendant EPOC UWS LLC*

ACTIVE51622446